IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Todd L. Dewhurst,                                            Case No. 3:22-cv-01641-JGC

        Plaintiff,

        v.                                                             **ORDER**

Commissioner of Social Security,

        Defendant.

       This is an appeal from the Social Security Administration's denial of Social Security benefits to Plaintiff, Todd L. Dewhurst. The Honorable Magistrate Judge Thomas Parker issued a Report and Recommendation, recommending that I deny Plaintiff's appeal. *Dewhurst v. Comm'r of Soc. Sec.*, 2023 WL 5043033, at *1 (N.D. Ohio May 18, 2023).

       Plaintiff has filed an objection (Doc. 13), and the Commissioner has filed a pro forma response (Doc. 14).

       On review of the objections, I find the Magistrate Judge's Report & Recommendation well-taken in all respects. I overrule Plaintiff's objections, adopt the Report & Recommendation as the Order of the Court, and affirm the Commissioner's decision.

## Background

       Plaintiff suffers from bipolar disorder, generalized anxiety disorder, and major depressive disorder. (Doc. 6, pgID 550). The Report and Recommendation contains a thorough history of his medical conditions and treatment that I will not restate here. (*See* Doc. 12, pgID 1283–94). Plaintiff applied for Disability insurance benefits, claiming that he has been fully disabled since November 20, 2020. (Doc. 6, pgID 550).

The Social Security Administration denied Plaintiff's application on September 1, 2021. (*Id.*, pgID 564). The Administrative Law Judge ("ALJ") determined that Plaintiff still had the residual functional capacity ("RFC") to perform certain jobs in the national economy despite having some limitations. (*Id.*, pgID 563). In so doing, the ALJ disagreed with the medical opinions of Plaintiff's treating physician and the state agency consultants, finding them only somewhat persuasive. (*Id.*, pgID 558, 562). The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*, pgID 562).

The Report and Recommendation concludes that the ALJ properly assessed Plaintiff's RFC. The Report also concludes that the ALJ did not err in finding the medical opinion evidence only somewhat persuasive, and the ALJ supported her opinions with substantial evidence. (Doc. 12).

## Legal Standard

When a disability claimant appeals an ALJ's denial of benefits to the District Court, review is limited to (1) whether the ALJ applied the correct legal standards and (2) whether the findings of the ALJ were supported by "substantial evidence." *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

"Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). However, I do not give this deference where the ALJ's reasoning does not "build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (Lioi, J.) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996));

*see also Stacey v. Comm'r of Soc. Sec.*, 451 Fed. App'x 517, 519 (6th Cir. 2011) (The ALJ "must say enough to allow the appellate court to trace the path of his reasoning.") (internal quotation marks omitted).

If the ALJ's findings are supported by substantial evidence, even if I disagree, they are conclusive. I do not reopen the book *de novo* and replace my own reasoning for the ALJ's.

## Discussion

Plaintiff objects to the Report and Recommendation, arguing that it erred in finding that the ALJ based her decision on substantial evidence. Specifically, Plaintiff argues that the ALJ only focused on evidence that showed temporary improvements in Plaintiff's condition and that the improvements were not sustained.

Plaintiff points to some episodes in the first half of 2021 that he claims show that his improvement was not sustained. But the ALJ addressed each of the episodes and explained why they did not indicate the Plaintiff was disabled to the extent opined by the medical experts.

Plaintiff says that he suffered from increased symptoms in February 2021, including an emergency room visit on February 14, 2021 (Doc. 13, pgID 1305). But the ALJ discussed these February episodes in her Decision. She cited the medical records and noted that Plaintiff "was having some resumption of symptoms of [fragmented sleep] and irritability." (Doc. 6, pgID 556). The ALJ noted that doctors increased Plaintiff's medications twice as a result. (*Id.*). However, the ALJ also noted that Plaintiff said the medication adjustment helped his symptoms, and Plaintiff chose not to schedule any additional follow-up appointment. (*Id.*, pgID 556–57). The ALJ discussed the emergency room records and how those records "signaled the [Plaintiff's] symptoms were mild in severity." (*Id.*, pgID 558, 1073).

3

About two weeks after the February emergency room visit, Plaintiff telephoned his treating physician again complaining of increased symptoms. (Doc. 13, pgID 1306). The doctor again increased his medication. (*Id.*). The ALJ discussed this medical treatment as well. (Doc. 6, pgID 557). The ALJ added that Plaintiff called again to report lessening symptoms—that "he was sleeping more intensively and he was no longer participating in any impulsive and/or hypersexual behaviors . . . ." (*Id.*).

Plaintiff says he phoned his treating physician again on May 11, 2021 and reported that he was experiencing more depression. (Doc. 13, pgID 1306). Again, the ALJ discussed this in her decision. She noted that the medication change following the phone call with his doctor "appeared to be successful," and Plaintiff's said that his symptoms improved during an appointment later that month. (Doc. 6, pgID 557).

Plaintiff argues that the ALJ cherry-picked evidence that supported her decision, "relying on some and ignoring others, without offering some rationale for [her] decision." (Doc. 13, pgID 1307 (quoting *Younger v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 644, 649 (E.D. Mich. 2004))). I disagree. The ALJ discussed Plaintiff's subjective reports of his symptoms, and the ALJ noted the subsequent adjustments and increases in his medications. But the ALJ relied on multiple objective examinations that showed how his "symptoms were only mild in nature since beginning treatment . . . at or around the alleged onset date." (Doc. 6, pgID 558).

Plaintiff also self-reported to the Social Security Administration that he had been unable to maintain employment, having over fifteen employers in the last three years. (*Id.*, pgID 554). But the ALJ relied on Plaintiff's own reports of "engaging in a somewhat normal level of daily activities and social interactions throughout the relevant period." (*Id.*, pgID 559).

4

Plaintiff objects that the ALJ did not fully analyze how Plaintiff's subjective report of his work history factored into her RFC determination. (Doc. 13, pgID 1308). Yet Plaintiff does not explain either why or how this matters. Plaintiff does not explain what the prior jobs were and whether they were outside of Plaintiff's RFC. It would be entirely consistent with the ALJ's decision if Plaintiff could not maintain employment with work requirements outside of the RFC. Without more, it is as unsurprising as it is unnecessary that the ALJ did not expressly analyze this small fragment of Plaintiff's overall record. *See Deaner v. Comm'r of Soc. Sec.*, 840 F. App'x 813, 819 (6th Cir. 2020) ("An ALJ need not cite every piece of evidence in the record and an ALJ's failure to cite specific evidence does not indicate it was not considered.") (internal quotation marks omitted). The ALJ's decision to rely on the objective evidence and not Plaintiff's vague report of his work history "was reasonable and within [her] discretion to weigh the evidence and make credibility determinations." *Id.*

Far from cherry-picking certain evidence and ignoring others, I agree with the Report and Recommendation that the ALJ's in-depth discussion shows that she considered "the record taken as a whole" and that she supported her conclusion with substantial evidence. *See Hurst v. Sec'y of Health & Hum. Servs.*, 753 F.2d 517, 518 (6th Cir. 1985).

As Plaintiff himself argues, "where an illness has periods of remission and exacerbation, both must be considered." (Doc. 13, pgID 1307 (citing *Parish v. Califano*, 642 F.2d 188, 192 (6th Cir. 1991))). That is exactly what the ALJ did. Plaintiff disagrees with the ALJ's conclusion. In Plaintiff's view, it was the *remissions* that were temporary, not the *exacerbations*. But "[a]s long as substantial evidence supports the Commissioner's decision, [I] must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation

5

marks omitted); *see also Dewhurst v. Comm'r of Soc. Sec.*, 2023 WL 5043033, at *9 ("Dewhurst's argument that the ALJ's analysis only picked up on the temporary improvements in Dewhurst's condition is really a call for the court to reweight the medical evidence. This we cannot do.").

## Conclusion

Here, I agree fully with the Report and Recommendation that the ALJ properly supported her residual functional capacity determination with substantial evidence.

It is, therefore,

ORDERED THAT:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 13) be, and the same hereby are, overruled;

2. The Report and Recommendation (Doc. 12) be, and the same hereby is, approved and adopted;

3. The Commissioner's final decision denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act be, and the same hereby is, affirmed.

4. The Clerk of Court shall mark this matter closed.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge